UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-20452 CR-UNGARO

21 U.S.C. § 846
21 U.S.C. § 841(a)(1)
21 U.S.C. § 853

MAGISTRATE JUDGE
SIMONTON

UNITED STATES OF AMERICA

v.

JOAQUIN GONZALEZ,

        Defendant.
_____/



FILED by _____ D.C.

JUN 17 2010

## INDICTMENT

The Grand Jury charges that:

### COUNT 1

From on or about December 9, 2009, continuing through on or about May 1, 2010, in Miami-Dade County, in the Southern District of Florida and elsewhere, the defendant,

**JOAQUIN GONZALEZ,**

did knowingly and intentionally combine, conspire, confederate, and agree with L.C., and others unknown to the Grand Jury, to possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1); all in violation of Title 21, United States Code, Section 846.

    Pursuant to Title 21, United States Code, Section 841(b)(1)(D), it is further alleged that this violation involved less than fifty (50) kilograms of marihuana.

## COUNT 2

On or about April 30, 2010, in Miami-Dade County, in the Southern District of Florida, the defendant,

**JOAQUIN GONZALEZ,**

did knowingly and intentionally possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

Pursuant to Title 21, United States Code, Section 841(b)(1)(D), it is further alleged that this violation involved less than fifty (50) kilograms of marihuana.

## FORFEITURE ALLEGATIONS

1. The allegations set forth in Counts 1 and 2 of this Indictment are realleged and by this reference fully incorporated herein for the purpose of alleging forfeitures to the United States of America of certain property in which the defendant has an interest.

2. Upon conviction of any of the offenses charged in Counts 1 and 2, the defendant, **JOAQUIN GONZALEZ**, shall forfeit to the United States (1) any property used or intended to be used to commit or facilitate such violation and (2) any property constituting or derived from any proceeds which the defendant obtained, directly or indirectly, as the result of such violation, pursuant to Title 21, United States Code, Section 853.

3. Pursuant to Title 21, United States Code, Section 853(p), if any of the forfeitable property, or any portion thereof, as a result of any act or omission by the defendant:

    (1)    cannot be located upon the exercise of due diligence;

    (2)    has been transferred, or sold to, or deposited with a third party;

(3) has been placed beyond the jurisdiction of the Court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States to seek forfeiture of other property of the defendant up to the value of the above-described forfeitable property.

All pursuant to Title 21, United States Code, Section 853.

A TRUE BILL

_____
FOREPERSON

_____
WIFREDO A. FERRER
UNITED STATES ATTORNEY

_____
BRIAN DOBBINS
ASSISTANT U.S. ATTORNEY

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. _____ |
| vs. | |
| JOAQUIN GONZALEZ, | **CERTIFICATE OF TRIAL ATTORNEY*** |
| Defendant._____/ | **Superseding Case Information:** |

**Court Division**: (Select One)

X   Miami    ___ Key West
___ FTL      ___ WPB    ___ FTP

New Defendant(s)        Yes ___   No ___
Number of New Defendants  ___
Total number of counts    ___

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:    (Yes or No)    Yes
   List language and/or dialect   Spanish

4. This case will take   5   days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)                         (Check only one)

   I    0 to 5 days       X          Petty       ___
   II   6 to 10 days      ___        Minor       ___
   III  11 to 20 days     ___        Misdem.     ___
   IV   21 to 60 days     ___        Felony      X
   V    61 days and over  ___

6. Has this case been previously filed in this District Court? (Yes or No)   No
   If yes:
   Judge: _____   Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter?   (Yes or No)   No
   If yes:
   Magistrate Case No. _____
   Related Miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the _____   District of _____

   Is this a potential death penalty case? (Yes or No)   No

7. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003?   ___ Yes   X   No

8. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007?   ___ Yes   X   No

_____
BRIAN N. DOBBINS
ASSISTANT UNITED STATES ATTORNEY
Court No. A5501182

*Penalty Sheet(s) attached

REV 4/8/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: <u>JOAQUIN GONZALEZ</u>

**Case No**: _____

Count #: 1

<u>Conspiracy to possess with intent to distribute less than fifty kilograms of marihuana</u>

<u>Title 21, United States Code, Section 846</u>

* **Max.Penalty**: <u>    5 years' imprisonment                                          </u>

Count #: 2

<u>Possession with intent to distribute less than fifty kilograms of marihuana</u>

<u>Title 21, United States Code, Section 841(a)(1)</u>

* **Max.Penalty**: <u>    5 years' imprisonment                                          </u>

*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.