UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-20452-CR-UNGARO

UNITED STATES OF AMERICA

vs.

JOAQUIN GONZALEZ,

        Defendant.
_____/

## NOTICE OF PENDING, RELATED, AND SIMILAR ACTIONS

The United States of America, by and through the undersigned Assistant United States Attorneys, hereby notices this Court and all parties that the above captioned pending case is related to 25 other criminally charged defendants in 14 other cases recently filed, all such cases relating to the drug trafficking activities of Luis Castillo.

The Local Rules for the United States District Court for the Southern District of Florida ("S.D. Fla. L.R.") require that the government inform the Court and all parties of the similar nature of these cases.

> It shall be the continuing duty of the attorneys of record in every action or proceeding to bring promptly to the attention of the Court and opposing counsel the existence of other actions or proceedings as described in Section 2.15.00 of the Court's Internal Operating Procedures, as well as the existence of any similar actions or proceedings then pending before another court or administrative agency. Such notice shall be given by filing with the Court and serving on counsel a "Notice of Pending, Refiled, Related or Similar Actions," containing a list and description thereof sufficient for identification.

S.D.Fla.L.R. 3.8.

Furthermore, District Court's Internal Operating Procedures (IOP") as cited in the Local Rule provides for the transfer or consolidation of the related cases before one district court judge.

Whenever an action or proceeding is filed in the Court which involves the subject

1

> matter which is a material part of the subject matter of another action or proceeding then pending before this Court, or for other reasons the disposition thereof would appear to entail the unnecessary duplication of judicial labor if heard by a different Judge, the Judges involved shall determine whether the newly filed action or proceeding shall be transferred to the Judge to whom the earlier filed action or proceeding is assigned.

IOP 2.15.00 C.

All of these cases stemmed from a series of Title III intercepted telephone calls authorized and monitored by Judge Cooke, from December of 2009 through May of 2010. All but two of the defendants were charged with offenses in part based on their intercepted calls on the wiretap.[1] In every case, however, the substance of the intercepted calls between the main defendant, Luis Castillo, and the other defendants (those he bought marijuana from and those he sold marijuana to) will be a cornerstone of the government's evidence.

As such, the United States fully anticipates that identical aspects of the wiretap may be litigated in each of the 15 cases, resulting in the duplication of judicial labor if heard by any of the 9 different judges assigned to the cases so far. Furthermore, many of the search warrants executed during the course of the two year investigation are based on related events, involve identical witnesses, and may be challenged, leading to additional duplication of judicial labor. The same pretrial evidentiary challenges may be raised in the 15 cases, and certainly at sentencing, one of the major issues will be the scope of reasonably foreseeable relevant conduct for each of the 26 defendants given their direct contact with the same person, Luis Castillo, and their jointly undertaken criminal activity. Instead of 9 or more different judges having to become familiar with the entire scheme which involved dozens of marijuana grow houses and thousands of marijuana plants over a course of years, a single judge can most effectively learn the entire case just once, and will lessen the chance of sentencing disparity between defendants in different cases who nonetheless played comparable roles in the Luis Castillo organization.

---

[1] Defendants Elena Cordero and Cesar Milanes were charged from their involvement in hydroponics marijuana labs found in their houses, at the time federal agents arrested their respective spouses. They will be superseded into Case No. 10-20417-CR-FAM.

The earliest filed action of this series is before Judge Cooke, United States v. Juan Carballo, Case No. 10-20415-CR-MGC.[2] Judge Cooke is also assigned to United States v. Gerardo Gonzalez, Case No. 10-20455-CR-MGC.

Judge Gold is assigned to United States v. Two Sealed Defendants, Case No. 10-20416-CR-ASG.

Judge Moreno is assigned to United States v. Armando Gonzalez and Elsa Gonzalez, Case No. 10-20417-CR-FAM.

Judge Ungaro is assigned to United States v. Antonio Sanchez, Case No. 10-20418-CR-UU and United States v. Joaquin Gonzalez, Case No. 10-20452-CR-UU.

Judge Altonaga is assigned to United States v. Frank Lopez-Gonzalez, Case No. 10-20419-CR-CMA.

Judge Middlebrooks is assigned to United States v. Orelvys Sanabria and Orlando Sanabria, Case No. 10-20420-CR-DMM.

Judge Huck is assigned to United States v. Felix Utra, Case No. 10-20421-CR-PCH.[3]

Judge Graham is assigned to United States v. Joel Merced-Perez, Jose Javier Soto Esquijarosa, Anthony Garcia, Giovanni Morales, and Nelson Ramirez, Case No. 10-20453-CR-DLG, and United States v. Carlos Diaz, Julio Sabatier, and Carlos Valiente, Case No. 10-20454-CR-DLG. The main defendant's case was assigned to Judge Lenard, United States v. Luis Castillo, Case No. 10-20451-CR-JAL.[4]

The cases involving Juan Hernandez (Case No. 10-02893-PAW), Jesus Hernandez-Labrador (Case No. 10-02894-PAW), Natalia Fernandez (Case No. 10-02895-PAW) will be indicted no later

---

[2] Trial in this matter is now set for the two week period beginning August 16, 2010.

[3] Trial in this matter is now set for the two week period beginning August 2, 2010.

[4] The Certificate of Trial Attorney filed in each case except the lead defendant indicated that trial in that particular case would take no more than ten days for trial. The Certificate of Trial Attorney for the Luis Castillo case indicated that the government anticipated that trial would take no more than 30 days.

than July 15, 2010; thus this notice will be filed in those cases when they are assigned to a district court judge.

Therefore, as a material part of each of the 15 cases is based on the same wiretap, and the disposition of challenges to the government's evidence would appear to entail the unnecessary duplication of judicial labor if heard by different Judges, the United States requests that the Judges involved determine whether the newly filed actions or proceedings shall be transferred and consolidated before the Judge to whom the earlier filed action or proceeding is assigned, that is, Judge Cooke, or another Judge.

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

By: /s/ Barbara Jean Throne
BARBARA JEAN THRONE
ASSISTANT U.S. ATTORNEY
Florida Bar No. 776505
99 Northeast 4th Street
Miami, Florida 33132-2111
305-961-9012/9275
813-301-3089 (Tampa USAO)
305-536-7213 Facsimile

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was electronically filed on this 8th day of July, 2010, with the Clerk of the Court using CM/ECF and to all parties.

By: s/ Barbara Jean Throne
BARBARA JEAN THRONE
ASSISTANT U.S. ATTORNEY

# CERTIFICATE OF SERVICE LIST

## UNITED STATES v. JOAQUIN GONZALEZ, Case No. 10-20452-CR-UNGARO

Attorney for:

**Joaquin Gonzalez, Reg. No. 67079-004**

Richard Alexander Stern
Waks & Barnett PA
9900 SW 107th Avenue
Suite 101
Miami, FL 33176
Email: sternesquire@gmail.com

Attorney for:
United States of America
WIFREDO A. FERRER
UNITED STATES ATTORNEY

BRIAN DOBBINS
ASSISTANT U.S. ATTORNEY
HIDTA
11200 NW 20 Street
Doral, Florida 33172
305-715-7647
Fax: 305-715-7639

BARBARA JEAN THRONE
ASSISTANT U.S. ATTORNEY
Florida Bar No. 776505
99 Northeast 4th Street
Miami, Florida 33132-2111
305-961-9012/9275
813-301-3089 (Tampa USAO)
305-536-7213 Facsimile