UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 10-20452-CR-UNGARO

UNITED STATES OF AMERICA )
)
v. )
)
JOAQUIN GONZALEZ, )
)
)
Defendant. )
_____)

**GOVERNMENT'S RESPONSE TO**
**THE STANDING DISCOVERY ORDER**

The United States hereby files this response to the Standing Discovery Order. This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16, and is numbered to correspond with Local Rule 88.10.

A. 1. Enclosed, please find a DVD-ROM that contains audio recordings of the defendant's conversations. The only recorded statements that the defendant made were captured pursuant to Title III wiretaps. The recordings relating to the defendant are contained on the DVD-ROM which is provided with this discovery response.

2. That portion of the written record containing the substance of any oral statements made by the defendants before or after arrest in response to interrogation by any person then known to the defendants to be a government agent is attached.

3. No defendant testified before the Grand Jury.

4. The NCIC record of the defendant is attached.

5. Books, papers, documents, photographs, tangible objects, buildings or places which the government intends to use as evidence at trial to prove its case in chief, or were obtained or belonging to the defendants may be inspected by

contacting the undersigned to schedule a date and time to conduct such inspection. The following is a list of some of documents and items relating to the defendant that were sent to counsel of record along with this discovery response:
- Reports summarizing statements and events pertaining to the defendant and his arrest.
- Summary of Title III intercepts relating to the defendant. These are summaries of the Spanish calls and are not meant to be interpreted as word-for-word transcriptions. Actual transcriptions are currently being assembled for trial.
- Title III intercepts for Luis Castillo's phone, (786) 202-0271
- Title III intercepts for Luis Castillo's phone, (786) 619-7411
- Pen register applications and information
- Copy of the Affidavits, Applications, and Orders for the Title III intercepts.
- Photographs from arrest.

The attachments to this discovery response are not necessarily copies of all the books, papers, documents, etc., that the government may intend to introduce at trial.

6. A laboratory analysis of the substances seized in connection with this case have been requested and will be provided upon receipt by the government.

B. DEMAND FOR RECIPROCAL DISCOVERY: The United States requests the disclosure and production of materials enumerated as items 1, 2 and 3 of Section B of the Standing Discovery Order. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C. The government is unaware at this time of any information or material which may be favorable on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976). The government is aware of its continuing duty to turn over such material.

D. The government will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of Giglio v. United States, 405 U.S. 150 (1972), or Napue v. Illinois, 360 U.S. 264 (1959).

E. The government will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial.

2

F.  No defendant was identified in a lineup, show up, photo spread or similar identification proceedings.

G.  The government has advised its agents and officers involved in this case to preserve all rough notes.

H.  The government will timely advise the defendant of its intent, if any, to introduce during its case in chief proof of evidence pursuant to F.R.E. 404(b). You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine).

I.  A telephone used by Luis Castillo and assigned phone number (786) 202-0271 was the target telephone of Title III wire intercepts from December 8, 2009, until January 6, 2010; January 19, 2010, until February 17, 2010; and April 21, 2010, until May 20, 2010. Another telephone used by Luis Castillo and assigned phone number (786) 619-7411 was the target telephone of a Title III wire intercept from April 21, 2010, until May 20, 2010. The defendant was recorded speaking with Luis Castillo over these telephones. These recordings relating to the defendant, and the entire Title III intercepts, are provided with this discovery response.

J.  The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause.

K.  The government will, upon defense request, deliver to any laboratory presently registered with the Attorney General in compliance with 21 U.S.C. § 822 and § 823 and 21 C.F.R. 1301.13, a sufficient representative sample of any alleged contraband which is the subject of this indictment to allow independent chemical analysis of such sample.

If there is no response within ten (10) days from the date of the Certificate of Service attached hereto, the bulk of the contraband/narcotics will be destroyed. As usual, random samples will be set aside to be used as evidence at trial.

L.  If you wish to inspect the vehicles used in the commission of the offense charged, please contact the undersigned.

Security requirements mandate strict compliance with the procedures established for the granting of access for inspection of seized vessels, aircraft and vehicles.

        Accordingly, the United States Attorney's Office cannot process last-minute requests for inspection. In order to meet security requirements, all requests to inspect seized vessels, aircraft or automobiles must be received by the AUSA handling the case on or before fifteen (15) days from the date of the Certificate of Service attached hereto.

        If you anticipate that this deadline may create a problem for you or your client, please promptly send written notice to the appropriate AUSA.

M.    The government is not aware at this time of any latent fingerprints or palm prints which have been identified by a government expert as those of the defendants at this time.

N.    To date, the government has not received a request for disclosure of the subject-matter of expert testimony that the government reasonably expects to offer at trial.

O.    The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial. These stipulations will be discussed at the discovery conference.

P.    At the discovery conferences discussed in Section A.5 above, the government will seek written stipulations to agreed facts in this case, to be signed by the defendants and defense counsel.

    The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, Brady, Giglio, Napue, and the obligation to assure a fair trial.

    In addition to the request made above by the government pursuant to both Section B of the Standing Discovery Order and Rule 16(b) of the Federal Rules of Criminal Procedure, in accordance with Rule 12.1 of the Federal Rules of Criminal Procedure, the government hereby demands Notice of Alibi defense. The approximate dates are provided in the indictment and attached discovery.

      The attachments to this response include a DVD-ROM with the recordings from the Title III wiretaps, as well as documents that have been Bates stamped 1-796.  Please contact the undersigned Assistant United States Attorney if there are any problems opening the media, or there are any documents missing.

                Respectfully submitted,
                WIFREDO A. FERRER
                UNITED STATES ATTORNEY

By: /s/ Brian Dobbins
     BRIAN DOBBINS
     Assistant United States Attorney
     Court No. A5501182
     H.I.D.T.A
     11200 NW 20th Street
     Miami, Florida 33172
     Tel: (305) 715-7647
     Fax: (305) 715-7639

cc:    Special Agent Denis Gulakowski
       Special Agent Amber Sargent
       Drug Enforcement Administration

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing document was electronically filed with the Court's CM/ECF system this 22nd day of July, 2010. I further certify that a true and correct copy of the foregoing document was served via Federal Express priority over night delivery to the following service list:

Mr. Gennaro Cariglio, Esq.
10800 Biscayne Boulevard
Suite 900
Miami, FL 33161-7400
Ofc: 305-899-0438
Fax: 305-891-2297
Sobeachlaw@aol.com

                        By:   /s/ Brian Dobbins
                             Assistant United States Attorney